## ADVERTISING ORDER

U. S. Marshals Service - Department of Justice   PAI
Room 2110     601 Market St., Phila, PA 19106

The publisher of Times Herald is authorized to publish the enc
according to the schedule below, provided the rates are no
commercial rates charged to private individuals with the usua
to be set solid, without paragraphing, and without any dis
unless otherwise expressly authorized in the specifications

NAME OF PUBLICATION: Times Herald
SUBJECT OF ADVERTISEMENT: sale of real property
EDITION OF PAPER ADVERTISEMENT APPEARED: daily
NUMBER OF TIMES ADVERTISEMENT APPEARED: 4x's
DATE(S) ADVERTISEMENT APPEARED: February 11, 18, 25 and Marc
SPECIFICATIONS FOR ADVERTISEMENT:
COPY FOR ADVERTISEMENT: Kurt E. Krout and Karie S. Krout

### AUTHORITY TO ADVERTISE

DATE: February 3, 2003
CASE NUMBER: Case No.#02-4858
SIGNATURE OF AUTHORIZING OFFICIAL: _____

---------PUBLIC VOUCHER FOR ADVERTISING--[ATTACH COPY OF A
CHARGES TO BE FILLED OUT BY NEWSPAPER:

TIMES ADVERTISEMENT APPEARED:  4
NUMBER OF LINES IN AD:  314
COST PER LINE: 1.47 + Proof of Pub: 10.50

TOTAL COST:  $1856.82**

AFFIDAVIT - This represents a true billing for the attached
with specifications and copy, which has been completed.
SIGNATURE OF PUBLISHER: _____
TITLE: Publisher

NAME OF PUBLICATION: Times Herald
ADDRESS: P.O. Box 591, Markley & Airy Streets
Norristown, PA  19404-0591
-------------------------------------------------------------

### FOR U.S.MARSHAL SERVICE USE ONLY

I certify that the advertisement described above appeare
publication and that this account is correct and eligible for

SIGNATURE OF CERTIFYING OFFICER: _____
DATE: _____
ACCOUNT: _____   CHECK # _____

---

**NOTICE OF U.S. MARSHALL'S SALE OF REAL PROPERTY**

Public notice is hereby given, that by virtue of an Order for Foreclosure and Sale of Real Estate dated October 23, 2002, issued out of the United States District Court for the Eastern District of Pennsylvania, In Civil Action No. 02-CV-4858 on a judgement in the amount of $170,696.27, plus interest from January 31, 2002 rendered in the Court, in favor of the United States of America and against KURT E. KROUT and KARIE S. KROUT, the following described real estate, located at 451 Colonial Drive, East Greenville, PA 18041, shall be offered for sale on March 11, 2003 at 11:00 AM at the property address of: 451 Colonial Drive, East Greenville, PA, 18041, at public auction, to the highest and best bidder by the U.S. Marshal for the Eastern District of Pennsylvania.

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, situate in the borough of East Greenville, County of Montgomery and State of Pennsylvania, bounded and described according to an "As Build" Plan made by Colonial Village by Urwiler and Walter, Inc., registered professional engineers, dated October 29, 1973, as follows, to wit:

BEGINNING at a point on the Northeasterly side of Colonial Drive (eighty two feet wide) said point being at the distance of five hundred five and fifty one-hundredths feet measured North twenty four degrees six minutes ten seconds West, during the Northeasterly side of Colonial Drive from its point of intersection with the Northwesterly side of Hamilton Road (eight two feet wide).

CONTAINING in front or breadth Northwestwardly along the Northeasterly side of Colonial Drive twenty feet and extending of that width in length or depth Northeastwardly between parallel lines at right angles to Colonial Drive, one hundred one and fifty one-hundredths feet.

BEING Lot No. 165 as shown on the above mentioned plan.

BEING the same premises which Eva V. Chambers, single woman by indenture bearing date the 3rd day of March A.D., 1977 and recorded at Norristown in the Office for the Recording Deeds, in and for the County of Montgomery on the 9th day of March A.D., 1977 in Deed Book No. 4184 Page 342 etc., granted and conveyed unto Sumter Herbert, Jr. and Renee L. Herbert, his wife, in Fee.

ALSO KNOWN AS: 451 Colonial Drive, Montgomery County Pennsylvania. Montgomery County Parcel Number 06-00-01080-003

Terms of Sale: Ten percent (10%) of the highest sum bid must be deposited by the highest bidder in cashier's check or certified check with the Marshal upon the property being struck down on such bidder. Upon failure to make such deposit, the bidder shall lose the benefit of this bid and the property may be immediately put up again and sold unless the deposit of sum required be made by a second bidder willing to take the property at the highest price bid. The balance of the purchase price shall be paid in cashier's check or certified check within ten (10) days after confirmation of the sale by Court Order without any demand being made by the Marshal. Otherwise the Marshal may settle with a second bidder who has made the required deposit at the Marshal's Sale and thereby registered their willingness to take the property at the highest price bid, provided such second bidder deposits the balance of the purchase price within 10 days after notice from the Marshal of the first bidder's default. If no second bid be registered, the property may be sold again at the risk of the defaulting bidder, and in case of any deficiency in such resale, the defaulting bidder shall make good the same to the person injured thereby and the deposit shall be forfeited and distributed with the other funds created by the sale.

The successful bidder takes the real estate subject to, and shall pay all taxes, water rents, sewer charges, municipal claims, and other charges and liens not divested by the sale and must also pay all state and local realty transfer taxes or stamps, to the extend the fund created by the sale is insufficient to pay such transfer taxes.

Distribution of Proceeds: A Schedule of Proposed Distribution of the proceeds of sale will be filed with the Marshall within ten (1) days of confirmation by Court Order of the sale. No Schedule of Distribution will be filed if the property is sold to the Plaintiff for costs only. The Marshal shall distribute the proceeds of sale in accordance with the proposed Schedule of Distribution unless written exceptions are filed with the Marshal not later than ten (1) days after the filing of the proposed schedule.

For information concerning the amount that the Plaintiff intends to bid or for other informa-